Markland K. Grant

1920 Union Street Apt. 4D

Brooklyn, NY 11233

(646) 878-5345

Plaintiff, Pro-Se



RECEIVED

MAR 2 8 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT

## DISRTICT OF NEW JERSEY

### CIVIL ACTION NO.  1:2010cv05653-RBK

---

Markland K. Grant

        **Plaintiff,**

**Vs.**

AMENDMENT AND VERIFICATION OF

COMPLAINT CONFORMING TO

THE EVIDENCE, FRCVP 15, AND COURT

ORDER OF 2/23/2011

Boardwalk Regency Corp., d/b/a, Caesars Hotel and Casino Atlantic City

Security Officer, Robert  Jones

Security Officer, Marcus Palmer

Security Shift Manager, Bill Harris

Security Supervisor, Dawn Eirman

Det. I, Terrence M. Clemens, Badge #5572

        **Defendant(s)**

---

1

## Table of Contents

JURISDICTION AND VENUE .................................................................................................................. 3

STATEMENT OF FACTS ...................................................................................................................... 4

FIRST COUNT SECTION 1983/COMMON LAW TORT ........................................................................... 7

SECOND COUNT SECTION 1983/COMMON LAW TORT ........................................................................ 9

THIRD COUNT SECTION COMMON LAW TORT .................................................................................. 11

Wherefore .................................................................................................................................... 12

JURY DEMAND ................................................................................................................................ 13

CERTIFICATION ............................................................................................................................... 13

    Exhibit A ................................................................................................................................... 15

    Exhibit B ................................................................................................................................... 16

    Exhibit C-1 & C-2 ...................................................................................................................... 17

    Exhibit D .................................................................................................................................. 18

    Exhibit E-1 ................................................................................................................................ 19

    Exhibit E-2 ................................................................................................................................ 20

    Exhibit E-3 ................................................................................................................................ 21

    Exhibit E-4 ................................................................................................................................ 22

    Exhibit F ................................................................................................................................... 23

    Exhibit G .................................................................................................................................. 24

    Exhibit H .................................................................................................................................. 25

    Exhibit I .................................................................................................................................... 27

    Exhibit J .................................................................................................................................... 28

    Exhibit K ................................................................................................................................... 29

    Exhibit L ................................................................................................................................... 30

    Exhibit M (1) ............................................................................................................................ 31

    Exhibit M (2) ............................................................................................................................ 32

    Exhibit M (3) ............................................................................................................................ 33

    Exhibit N(1) .............................................................................................................................. 34

    Exhibit N (2) ............................................................................................................................. 35

    PROOF OF SERVICE .................................................................................................................. 36

## JURISDICTION AND VENUE

**Plaintiff Markland K. Grant is a resident of Brooklyn, New York, former resident of New Jersey and at all times relevant to this action a patron and rated player of Caesars Hotel and Casino.**

1. **Boardwalk Regency Corporation d/b/a Caesars Atlantic City Hotel Casino** is a corporation duly licensed to do business under the laws of the State of New Jersey, with its principal place of business at 2100 Pacific Ave., in Atlantic City, In the County of Atlantic and State of New Jersey.(Here in after referred to as Caesars)

2. **Security Officer Robert Jones** was at all times as mentioned within this complaint an employee, agent, and co-conspirator of Caesars Hotel Casino Atlantic City. Acting in concert with Caesars other employee's, agents, Det. I Terrence M. Clemens and other non-party co-conspirators named in this action.

3. **Security Officer Marcus Palmer** was at all times as mentioned within this complaint an employee, agent, and co-conspirator of Caesars Hotel Casino Atlantic City. Acting in concert with Caesars other employee's, agents, Det. I Terrence M. Clemens and other non-party co-conspirators named in this action.

4. **Security Supervisor, Dawn Eirman** was at all times as mentioned within this complaint an employee, agent, and co-conspirator of Caesars Hotel Casino Atlantic City. Acting in concert with Caesars other employee's, agents, Det. I Terrence M. Clemens and other non-party co-conspirators named in this action.

5. **Security Shift Manager, Bill Harris** was at all times as mentioned within this complaint an employee, agent, and co-conspirator of Caesars Hotel Casino Atlantic City. Acting in concert with Caesars other employee's, agents, Det. I Terrence M. Clemens and other non-party co-conspirators named in this action.

6. **Det. I, T.M. Clemens, Badge #5572, NJ Division of Gaming Enforcement,** is an employee and member to the NJ Division of Gaming Enforcement with offices at 1300 Atlantic Avenue, Atlantic City, NJ 08401.

7. **This court has original jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1391(a), (b), and (c) and exclusive of interest and costs the matter in controversy exceeds the sum of $75,000. Further jurisdiction is exhibited by the submission to the Courts jurisdiction, by way of appearance before the Court through their respective counsel's.** See (Exhibits N(1-2))

# STATEMENT OF FACTS

8. On Sunday August 31, 2008, I went to Caesars to gamble.

9. I entered Caesars through the Pacific Ave entrance.

10. I passed the poker room to go to the nearest restroom, which was down the hall to my right.

11. Upon exiting the bathroom I noticed three security officers in front of me as I made a left out of the bathroom.

12. Security Officer Richard Jones (herein after Jones) stated "stop you are under arrest for trespassing.

13. I stated in response that "I am not trespassing I'm here to gamble.

14. Jones then turned to Marcus Palmer (herein after Palmer) and stated "Arrest him he is not allowed on the property."

15. I continued to walk down the hall explaining to the officers that I was on my way to gamble and could they excuse themselves.

16. When I reached the end of the hall from the bathroom I intended to make a right towards the gaming table area.

17. As I attempted to make the right Jones blocked my path and made contact with my person.

18. I did not raise my hands to him and I was brutally attacked by the swarm of Caesars security personnel. (See Exhibit A)

19. As seen on the surveillance tape of the event the isle area was empty until Caesars agents attack me and a crowd of onlookers gathered to watch my oppressive treatment. (See Exhibit B)

20. I was spun around by Dawn Eirman, (herein after Eirman), forcefully thrown to my knees, causing my knees to slam to the floor, and Bill Harris grabbed me in a choke hold and slammed me to my stomach and I felt some ones knee pressing upon my spine. (See Exhibit C-1 through C-2)

21. I was forcefully handcuffed. Lifted to my feet by the officer lifting me by my arms putting further pressure upon my cuffed wrists causing great pain, so much so I screamed loosen the blood-cloth cuffs. (See Exhibit D)

4

22. I was lead to an elevator, shoved through the streets and placed in a holding cell with the handcuffs tightly around my wrists from 2:37:26 to 3:08:42, more than thirty one minutes of agonizing pain. Upon the cuffs being released it took several minutes for the blood to warm my now numb left hand.

23. From the holding cell I was able to reach my cell phone in my back pocket to call 911. I gave the operator my location and explained my situation and asked could she send help quickly as my hand was going numb. I was fearful of damage as this was the hand that was injured during my youth.

24. After being in the holding cell for more than thirty minutes, during which time I made several more request to un-tighten the handcuffs and I also made several request to use the restroom as the stress of the situation caused me to have to relieve myself again.

25. At 3:08 the DGE Officer Det. I, T.M. Clemens entered the holding cell, removed the handcuffs and gave me a summons for trespass. I exited the cell and made contact with the awaiting paramedic's.

26. I was taken to the Hospital treated for a knee sprain and given a prescription of Motrin for the pain in my knee and wrist and advised to "Watch fingers and toes for swelling, bluish discoloration, coldness, numbness or excessive pain." (See Exhibit E)

27. On September 12, 2008 I appeared before the Municipal Court at the arraignment and pleaded not guilty.

28. After several discovery delays the trial of the matter was held on January 26, 2010. I was found guilty by a miscarriage of justice and sentenced to a 90 day term of incarceration. (See Exhibit F)

29. During my incarceration I filed an appeal to the Superior Court of New Jersey and was assigned representation by an attorney from the law firm of Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill. (See Exhibit G)

30. On July 27, 2010, the Superior Court of New Jersey issued an Order of Judgment stating that "It is on this 27 day of July, 2010, ordered and adjudged that in regards to Atlantic City Municipal Court Appeal # 0015-10, the trial court's decision is reversed and remanded to the Atlantic City Municipal Court for further action as shall be deemed appropriate by that Court. (See Exhibit H)

5

31. On September 23, 2010 I did serve notice to the City of Atlantic City in reference to their custom of malicious prosecution by way of the actions of the Atlantic City Municipal Court and the Atlantic City Municipal Prosecutors Office holding eviction trials for the Atlantic City Casino's. (See Exhibit I)

32. On October 18, 2010 the matter was adjudicated by trial and I was found not guilty by Judge Robert Switzer. (See Exhibit J)

33. Judge Robert Switzer, a neutral and detached magistrate not beholding to the New Jersey casino industry, stated within the record of the proceedings of October 18, 2010 that any charges that stemmed from my initial contact with security officer Jones whereby he or his employer deemed the claiming of abandoned slot credits was unconstitutional as said act is not a crime.

## FIRST COUNT SECTION 1983/COMMON LAW TORT
### (False Arrest/False Imprisonment and Conspiracy to Commit Same)

34. I, Markland K. Grant, incorporate and re-allege all of the paragraphs that preceded above and further state that: Defendant(s) Boardwalk Regency Corporation d/b/a Caesars Atlantic City Hotel Casino, through its agents, (defendants S/O Robert Jones, S/O Marcus Palmer, S/M Bill Harris, and S/S Dawn Eirman), individually and collectively did act under color of N.J.S.A. 5:12-121. Conspiring with each other and other State actors from the Division of Gaming Enforcement (Det. I, Terrence M. Clemens, Badge #5572), the Atlantic City Municipal Prosecutors Office, and Judges of the Atlantic City Municipal Court, to falsely prosecute plaintiff under color of N.J.C.C.J. 2C:18-3(b), knowingly, maliciously and in denial of plaintiffs Federal Constitutional right to be free from search and seizure, right to liberty, choice of location, and equal protection of the laws as provided by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, that protects all within the territory of the United States of America. (See S.F. #8-24)

35. Section 2C:18-3, which defines criminal trespass, requires knowledge on the accused's part that he or she is entering the premises without license or privilege to do so. On August 31, 2008 I entered Caesars knowing that I had not been evicted from Caesars or any other Atlantic City casino as my name was not on the list of evicted person compiled by the New Jersey Casino Control Commission nor had I been contacted by the C.C.C. as to a hearing regarding my eviction from Caesars or any other casino pursuant to N.J. Stat. 5:12-71.1, N.J.A.C. 19:42-1.3, N.J.A.C. 19:42-2.1, N.J.A.C. 19:42-2.2 or N.J.A.C. 19:48-1.4.

36. Knowing that I had not been placed on the Casino Control Commission's list of excluded persons I entered Caesars on 8/31/08, as I had done several times prior, with the intent to gamble. On several trips to Atlantic City I gambled at Caesars without incident, I played slots and my money was exchanged for gaming chips on said trips without incident also.

37. My entry to Caesars on 8/31/08 did not threaten the security of any casino occupant. Nor did my using the restroom before heading to the gaming tables disrupt the functioning of Caesars operation. Absent a valid contrary rule by the Casino Control Commission I possessed the usual right of reasonable access to gamble at Caesars.

**38.** Robert Jones stated that I was under arrest. (*See S.F. #12*) Jones instructed Palmer to place me under arrest. (*See S.F. #14*) Caesars agent, Spec. Ganiel #140905-21 prepared a Caesars Security Department Ejection/Arrest Report that was sent to the Atlantic City Municipal Prosecutors Office to be utilized in my false prosecution. (See Exhibit L)

**39.** Defendants knew that any restraint upon a man's locomotion establishes an imprisonment, with deliberate indifference to said tort Caesars through its agents did proceed above and beyond the mere restraint of my locomotion as I was assaulted, chocked, thrown to the floor, kneed to my spine, kicked in the head and handcuffed. (See Exhibit C)

**40.** Defendants were on notice by the holdings of Restatement of Torts § 119 cmt. i, that "*Necessity of actual felony.* In order that a private individual may be privileged to arrest another on suspicion of felony, it is necessary that an act or omission actually constituting a felony has been committed, and that the actor reasonably suspects that the other whom he arrests has committed that act or omission, and therefore has committed a felony. It is not enough that the actor, if a private person, believes no matter how reasonably that a felonious act has been committed, and that the other has committed it. Not only must the act of which the actor suspects the other have been committed, but the act must be a felony. With deliberate indifference to the above the defendants did arrest and assault plaintiff. Said indifference was confirmed by the overruling of the unjust conviction by the Superior Court Appellate Division and the finding of not guilty by the Honorable Robert Switzer at the trial of October 18, 2010.

**41.** But for the actions of the defendants plaintiff would not have been subjected to the wrongful conviction and 90 day incarceration as handed to plaintiff by the Atlantic City Municipal Court, in an effort to protect Caesars, its agents and the other conspirators. (See S.F. #26-28)

**42.** Beyond depriving me of my constitutional right to liberty and freedom of locomotion on August 31, 2008, the above reflects that I was further held to a court proceedings whereby my freedom was altered do to the requirement that I appear in court. Then my constitutional right to be free from unreasonable seizure was violated by the court upon by being sentenced to 90 days incarceration. Defendants are liable for said violation of my civil and constitutional rights. (See S.F.#29-33)

## SECOND COUNT SECTION 1983/COMMON LAW TORT
### (Malicious Prosecution/Conspiracy to Maliciously Prosecute)

43. Plaintiff repeats the allegations of the First Count as if set forth at length herein.

44. Security Officer Robert Jones did initiate the unlawful criminal process by specifically stating you're under arrest for trespass.

45. Defendant(s) Caesars and its agents knew that they had not petitioned the Casino Control Commission to enter my name on its exclusion list, nor was my name on the CCC Exclusion List as evidenced by (Exhibit M).

46. Defendant(s) knew that they would be able to call upon the Division of Gaming Enforcement to write a summons knowing they would comply with the customary plan and knowing that said agency would not verify and or care if my name was not on the Commissions exclusion list.

47. There is no citing within the New Jersey State Police Operations Report H430-2008-00833R of Det. I, T.M. Clemens, dated 9/04/2008, that he consulted the exclusion list of the Casino Control Commission.  Clemens followed the request of Caesars agents and issued the summons based upon their word alone. (See Exhibit k)

48. The defendant(s) knew that the Atlantic City Municipal Court would comply with a customary plan whereby I would be subjected to an unlawful eviction trial within said Municipal Court.

49. Defendants also knew that the Casino Control Commission has exclusive authority to place a patron on the Exclusion list in accordance with mandated procedures.  The defendants and their co-conspirators also knew that it was unlawful to attempt an eviction by falsely charging me with trespass as Caesar's invites the public at large to partake in its offer of casino gaming.

50. Defendants, with indifference to the fact that a reasonable trier of the fact could infer and or see the malice in falsely accusing me with trespass knowing that said offense has not occurred, could hold them liable for malicious prosecution.  Yet the act was proceeded upon by the defendants as they were confident in the operation and effectiveness of their customary plan whereby an eviction trial is held and biased judge claims guilt in disregard of decisional and statutory law.

51. The trial of and finding of not guilty on October 18, 2010 substantiates the lack of probable cause for defendants acts in this matter.

52. The finding of not guilty on the merits also reflects the favorable termination of the malicious prosecution for the plaintiff and puts the defendants on notice as to their liability for said tort.

# THIRD COUNT SECTION COMMON LAW TORT
### (Abuse of Process)

53. The defendant(s) Caesars, its agents and co-conspirators knew that the New Jersey Casino Control Commission has regulations as to the placement of individuals on its list of persons evicted from the Atlantic City Casinos.

54. Caesars and especially Det. I, T. M. Clemens knew or should have known that N.J.A.C. 19:42-1.3 (a) provides that "the Commission shall not deny, refuse to renew or revoke any license or registration or place a candidate on the exclusion list unless it has first afforded the licensee, registrant or candidate for exclusion an opportunity for a hearing in accordance with law and the rules of the Commission."

55. Caesars its agents and co-conspirators knew or should have known that the Casino Control Act and the Administrative Codes do not provide for eviction trials to be held by the Atlantic City Municipal Court.

56. Caesars its agents and co-conspirators knew or should have known that New Jersey's Code of Criminal Justice 2C: 1-2 (a) (4) was promulgated to give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction.

57. The defendants and their co-conspirators knew or should have known that New Jersey's Code of Criminal Justice should not be used to unreasonably eject patrons from an Atlantic City Casino, when a patron has not violated said criminal code. They were given further notice of said fact by 2C: 37-9 that holds nothing within that chapter should be construed to prohibit any activity authorized by the "Casino Control Act" (P.L.1977, c. 110; C. 5:12-1 et seq.), or to supersede any provision of said act.

58. In different to the above Caesars its agents and co-conspirators falsely charged me as being a defiant trespasser in an effort to subject me to the abusive use of the Municipal Court of Atlantic City to eject those the defendants deem undesirable without reason.

59. But for the influence of the defendants the Atlantic City Municipal Court would not abrogate its power to be perverted by the Casino industry, as attempted by my overturned conviction once put before a neutral and detached magistrate.

**Wherefore:** Plaintiff requests judgment against Defendant(s) Caesars, its agents, (defendants S/O Robert Jones, S/O Marcus Palmer, S/M Bill Harris, and S/S Dawn Eirman), and its co-conspirators, individually and collectively for their contributions to plaintiff's harm for:

1) Compensatory damages

2) Punitive damages

3) Cost and expense of suite

4) Injunctive relief of Court ordered F.B.I., American Bar Association, and Attorney Ethics Committee, New Jersey State Trooper Internal Affairs, Attorney General, District Ethics Committee (DEC), the Disciplinary Review Board (DRB), and other agency investigations into the misconduct of all co-conspirators named herein.

And such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: _March 28, 2011_

_(signature)_

Markland K. Grant, Plaintiff, Pro-Se

## CERTIFICATION

I Markland K. Grant, hereby certify that all statements submitted here within are based on fact and prevailing law. All copies of exhibits are accurate and true copies of said documents. I verify this complaint and certify that it is based upon the first-hand knowledge of Markland K. Grant and at the risk of sanctions and or perjury this matter is placed before the Court to end the unlawful conduct set forth and establish new law giving notice that said conduct violates the Constitution of the United States, the laws of the State of New Jersey and the Constitutional Rights of all individuals within the territory of the United States of America.

Any facts or statements included in this pleading which are not denied or rebutted by the answering parties with supporting evidence and under penalty of perjury shall therefore constitute an Admission to the truthfulness of each statement or conclusion as required by Federal Rule of Civil Procedure Rule 8 (b)(6).

Dated: _____

_____

Markland K. Grant, Plaintiff Pro-Se

13

# FRCVP R.10 (c) Exhibits

F

R

C

V

P

R

U

L

E

1

0

C

E

X

H

I

B

I

T

S



**Robert Jones blocks plaintiff's path and bumps plaintiff to initiate assault.**

**Exhibit A**



**Plaintiff is spun around by Dawn Eirman as Bill Harris twists plaintiff's arm.**

Exhibit B



Plaintiff is thrown to his knees and place in choke hold by Bill Harris.



After strangle hold plaintiff is thrown to his stomach and Ms. Eirman is about to kick me in the head.

Exhibit C-1 & C-2

17



Plaintiff is lifted up as other patron gather around to view the assault by Caesars security.

Exhibit D

City Campus - Emergency Department
Discharge Instructions for: Markland Grant

# AtlantiCare Regional Medical Center City Campus
City Campus - Emergency Department
1925 Pacific Avenue
Atlantic City NJ 08401
609-345-4000

**DISCHARGE INSTRUCTIONS FOR:**
FOR TODAY'S VISIT ON:

**Markland Grant**
Sunday 8/31/2008

Thank you for using AtlantiCare Regional Medical Center City Campus for your care today. It is important for you to know that the examination, treatment and x-ray reading you have received in the Emergency Care Center today have been rendered on an emergency basis only and are not intended to be a substitute for an effort to provide complete medical care. You should contact your follow-up physician as it is important that you let him or her check you and report any new or remaining problems since it is impossible to recognize and treat all elements of an injury or illness in a single emergency care center visit.

**X-RAYS and LAB TESTS:**
If you had x-rays today they were read by the emergency physician. Your x-rays will also be read by a radiologist within 24 hours. If you had a culture done it will take 24 to 72 hours to get results. If there is a change in the x-ray diagnosis or a positive culture we will contact you. **(Make sure we have your local phone number.)**

**MEDICATIONS:**
If you received a prescription for medication(s) today it is important that when you fill this you let the pharmacists know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medications including the prescriptions you may receive today.

Care provided by Wolk, Eric, DO with the diagnosis of Internal Derangement of Knee.

Thanks again for using AtlantiCare Regional Medical Center City Campus for your treatment today. The discharge instructions for today's visit are outlined below.

- Ace Wraps and RICE
- Knee Sprain
- Motrin 600 mg 15 (fifteen) tablets 1 tablet every 6 hours as needed for pain
Health Services @ the Plex (Clinic)
- Selected Referral MD 3-4 Days
- Work release form

**Special Notes:**

**Patient Copy**

Eric Wolk's diagnosis of derangement of plaintiff's knee

Exhibit E-1

19

# Knee Sprain

Your caregiver has diagnosed you as suffering from a knee sprain. Sprains are painful injuries to the joints as a result of partial or complete tearing of ligaments. Ligaments are tough, fibrous tissues that hold bones together at the joints. A *strain* (sprain) has occurred when a ligament is stretched or damaged. This injury may take several weeks to heal. This is often the same length of time as a bone *fracture* (break in bone) takes to heal so even though a *fracture* (bone break) may not have occurred, the recovery times may be similar.

HOME CARE INSTRUCTIONS

➢ Rest the injured area as directed. Then slowly start using the joint as directed by your caregiver and as the pain allows. Use crutches as directed. If the knee was splinted or casted, continue use and care as directed. If an ace bandage has been applied today, it should be removed and reapplied every 3 to 4 hours. It should not be applied tightly, but firmly enough to keep swelling down. **Watch toes and feet for swelling, bluish discoloration, coldness, numbness or excessive pain. If any of these symptoms occur, remove the ace bandage and reapply more loosely. If these symptoms persist, contact your caregiver or return to this location.**

➢ For the first 24 hours, keep the injured extremity elevated on 2 pillows while lying down.

➢ Apply ice for fifteen minutes to the injured area every couple hours while awake for the first half day, then four times per day for the first 48 hours. Put the ice in a plastic bag and place a towel between the bag of ice and your skin.

➢ Do not apply heat for 48 hours after your injury. Early use of heat will increase swelling and pain. After 48 hours you may use warm packs or warm soaks for 15 to 20 minutes, 2 to 4 times per day. This will give increased pain relief and faster resolution of the injury. **Do not sleep with a heating pad as it may cause burns.**

➢ Wear any splinting, casting, or elastic bandage applications as instructed.

➢ Over the counter medications may be used as directed by your caregiver. Acetaminophen (Tylenol®) or ibuprofen (Advil® or Motrin®) may be used to relieve pain and discomfort. *Do not use aspirin immediately after the injury unless instructed by your physician.* Aspirin can cause increased bleeding and bruising of the tissues.

➢ If you were given crutches, continue to use them as instructed and do not resume weight bearing on the affected extremity until instructed.

**Persistent pain and inability to use the injured area as directed for more than 2 to 3 days are warning signs indicating that you should see a caregiver for a follow-up visit as soon as possible.** Initially, a hairline fracture (this is the same as a broken bone) may not be evident on x-rays. Persistent pain and swelling indicate that further evaluation, non-weight bearing (use of crutches as instructed), and/or further x-rays are indicated. X-rays may sometimes not show a small fracture until a week or ten days later. Make a follow-up appointment with your own caregiver or one to whom we have referred you. A radiologist (specialist in reading x-rays) may re-read your X-rays. Make sure you know how you are to obtain your x-ray results. Do not assume everything is normal if you do not hear from us.

**CALL IF:**
➢ Bruising, swelling, or pain increases.
➢ You have cold or numb toes.

**RETURN IMMEDIATELY IF:**
➢ Your toes are numb or blue.
➢ The pain is not responding to medications and continues to stay the same or get worse.

**Page 2 of medical treatment on 8/31/2008**

Exhibit E-2

## INSTRUCTIONS

# Ace Wraps & RICE

Ace wraps come in different shapes and sizes, and perform different functions. Your caregiver will help you to determine what is best for your protection, recovery, or rehabilitation following an injury. The following are some general tips to help you use an ace wrap.

- Use the wrap as directed by the developer or maker of the ace wrap you are using.
- Do not keep the wrap so tight as to cut off the circulation of the arm or leg below the wrap.
- If part of your body beyond the wrap becomes blue, loses feeling, or becomes swollen, it is probably too tight. Loosen the wrap as need be to prevent these problems.
- See your caregiver or trainer if the wrap seems to be making your problems worse rather than better.

Wraps in general help to remind you that you have an injury. They provide very small degrees of support. The few pounds of support they provide are very minor considering the hundreds of pounds of pressure it sometimes takes to injure a joint or tear ligaments. Because of this, the joint will not take all of the wear and tear it took prior to the injury for which the ace wrap is being worn.

The routine care of many injuries includes Rest, Ice, Compression, and Elevation (RICE). Rest is required to allow your body to heal. Generally following bumps and bruises, routine activities can be resumed when comfortable. Injured *tendons* (cord like structure) and bones take approximately six weeks to heal.

- Ice following an injury helps keep the swelling down and reduces pain. Do not apply ice directly to skin. Apply ice bags for 20 minutes (ice in a plastic bag with a towel around it to prevent frostbite to skin), about every 2 hours while awake, to the injured area for the first 24 hours to 48 hours, then as directed by your caregiver.
- Compression helps keep swelling down, gives support, and helps with discomfort. If an *ace bandage* (stretchy, elastic wrapping bandage) has been applied today, it should be removed and reapplied every 3 to 4 hours. It should not be applied tightly, but firmly enough to keep swelling down. Watch fingers or toes for swelling, bluish discoloration, coldness, numbness or excessive pain. If any of these symptoms (problems) occur, remove the ace bandage and reapply more loosely. If these symptoms persist, contact your caregiver or return to this location.
- Elevation helps reduce swelling, and decreases pain. With *extremities* (arms/hands and legs/feet), the injured area should be placed near to or above the heart (center of the chest) if able.

Persistent pain and inability to use the injured area for more than 2 to 3 days are warning signs indicating that you should see a caregiver for a follow-up visit as soon as possible. Initially, a hairline *fracture* (this is the same as a broken bone) may not be seen on x-rays. Persistent pain and swelling indicate that further evaluation, non-injured joint use and or weight bearing (use of crutches as instructed), and/or further x-rays are needed. X-rays may sometimes not show a small fracture until a week or ten days later. Make a follow-up appointment with your own caregiver or one to whom you have been referred. A *radiologist* (a specialist in reading x-rays) will re-read your x-rays. Make sure you know how you are to obtain your x-ray results. Do not assume everything is normal if you do not hear from your caregiver.

ExitCare® Patient Information ©2005 MedQuest, LLC.

**Exhibit E-3**

**City Campus - Emergency Department**
1925 Pacific Avenue
Atlantic City, NJ 08401
609-345-4000

**Markland Grant**
Sunday 8/31/2008

## WORK RELEASE FORM

This notice verifies that the above named employee was seen and treated in our emergency department on the above printed date. The employee will be able to return to work on _____ 9/5/08 _____

The employee has the following restrictions: ☐ **NO RESTRICTIONS**

_____

_____

These restrictions apply through _____

After this date, the employee should be able to participate in all work duties.

**NOTE:** If the symptoms continue and the employee is unable to perform the full duties of their job by this date; please advise the employee to follow up with the referral physician for further evaluation.

**MD SIGNATURE** _____

**PATIENT COPY**

Exhibit E-4

22

```
JAM0029          NEW JERSEY COUNTY CORRECTION INFORMATION SYSTEM          02/20/10
                              COUNTY SENTENCED              KSF: N         18:10
SECTION TYPE: COS         FUNCTION (ACDI) : I     COMMITMENT FORM #: 01 182339
INMATE : GRANT          MARKLAND         ID : 91264    COMM.DATE : 01 26 2010
************************************************************************
             TIME AND LENGTH MUST BE CALCULATED IN THE NUMBER OF DAYS
COMPLAINT/WARRANT NUMBER        :           (OR) ACS CDR #: SC 2008 010739 0102
INDICTMENT/ACCUSATION NUMBER    :   00 00 00000
MISCELLANEOUS DOCUMENT NUMBER   :
COUNTY SENTENCE DATE            : 01 26 2010
SENTENCE START DATE             : 01 26 2010
SENTENCE LENGTH                 : 090
SENTENCE SATISFIED DATE         :           SATISFY ACTIVE ASSOCIATED CHRGS:
SATISFIED REASON CODE           :
CREDIT PRIOR TO SENTENCE START  :      GAP TIME CREDIT                 :
GOOD CONDUCT TIME   (1 FOR 6) : 015    WORK CREDIT TIME    (1 FOR 5) :  018
WORK RELEASE CREDIT (1 FOR 4) :        MIN CUSTODY CREDIT  (1 FOR 10) :
ADDNL REMISS SENT   (1 FOR 5) :        TOTAL CREDIT                    :  033
MAXIMUM RELEASE DATE            : 04 25 2010
ELIGIBLE PAROLE DATE            :       ELIG. DISCH. DATE: 03 23 2010
COMMENTS:   CC/W SC-08-14016, 10346
001  OF  001  COUNTY SENTENCES            UPDATED BY:  JUPLG4
PF9-REFSH PF7-BWKD PF8-FWD NEXT FUNCTION (ACDI): I  NEXT SECTION : SSP
PG903831 INQUIRY ONLY ALLOWED ON THIS SCREEN
```

**90 day sentence to false imprisonment as plaintiff was found not guilty after proper trial on October 18, 2010 after Appellate court overturned unjust conviction to protect casino.**

Exhibit F

# GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL

HARRY A. GOLDENBERG (1938-2003)
KENNETH D. MACKLER***
JOSEPH ERAN SAYEGH**
LAWRENCE A. MINTZ***
MARK PFEFFER**
KEITH A. BONCHI
MICHAEL A. GILL****
MICHAEL J. MACKLER**
HOWARD J. HEALD
ALLISON E. WEINER
DAWN VAN KEUREN
FRANCIS J. BALLAK
LAUREN E. TYLER
NANCY MARTELLIO
DANIEL G. TRACY
JOEL M. CHIPKIN**
ROSANN ALLEN

JEFFREY D. LIGHT, OF COUNSELAPM*
MARK B. VASSER, OF COUNSEL

*ACCREDITED PROFESSIONAL MEDIATOR
IN COMMERCIAL AND DIVORCE MEDIATION
CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY IN THE FOLLOWING AREAS
*   CIVIL TRIAL LAW
***  WORKERS' COMPENSATION LAW
**** MATRIMONIAL LAW

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1030 Atlantic Avenue
ATLANTIC CITY, NEW JERSEY 08401
http://www.gmslaw.com
TAX ID #22-1980737
----------
(609) 344-7131
FAX (609) 347-6024

June 2, 2010

NORTHFIELD OFFICE
660 NEW ROAD, SUITE 1-A
NORTHFIELD, NJ 08225
(609) 646-6722
FAX
(609) 646-0837

RIO GRANDE OFFICE
THE HERALD BUILDING
1508 ROUTE 47 SOUTH, SUITE 2
RIO GRANDE, NJ 08242
(609) 886-4333
FAX
(609) 886-9441

GALLOWAY OFFICE
RISLEY SQUARE, SUITE 203
319 E. JIMMIE LEEDS ROAD
GALLOWAY, NJ 08205
(609) 404-0661
FAX
(609) 404-1886

PLEASE REPLY TO
ATLANTIC CITY

Honorable Charles Middlesworth, J.S.C.
Superior Court of New Jersey-Vicinage 1
Criminal Division Court House
4997 Unami Boulevard
Mays Landing, New Jersey 08330

Re:   **State v. Markland Grant**
      **Municipal Court Appeal No.: 0015-10**
      **Municipal Court: Atlantic City**
      **Complaint Summons Nos. SC-010737 & SC-2008-014016**

Dear Judge Middlesworth:

Please accept this letter brief in support of Markland Grant's appeal from his convictions in the Atlantic City Municipal Court in the above-referenced matters. This matter is presently scheduled for a hearing on June 17, 2010, at 9:00 a.m. I will be present and prepared to proceed on that date.

## STATEMENT OF FACTS

On January 26, 2010, Defendant, Markland Grant, appeared in the Atlantic City Municipal Court for trial on two alleged acts of defiant trespass charged as violations of N.J.S.A. 2C:18-3b.

SC-010737 alleged a violation of N.J.S.A. 2C:18-3b by Defendant Grant on August 31, 2008, at Caesars Casino. (Record at 3 and 23).[1]

---

[1] The transcript of the January 26, 2010, proceeding has been appended hereto as Exhibit A, and will be cited herein as "R." followed by the page number.

Daniel G. Tracy, Esquire                           Internet Address: dan@gmslaw.com

Letter from assigned counsel to Appellate Court Judge Middlesworth.

Exhibit G



FILED

JUL 2 7 2010

Superior Court of New Jersey
County of Atlantic

Goldenberg Mackler, et al.
Attorneys At Law
1030 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 344-7131   Fax (609) 347-6024
Attorneys for Appellant, Markland Grant

STATE OF NEW JERSEY
    Plaintiff-Respondent

          v.

MARKLAND GRANT,
    Defendant-Appellant

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION-CRIMINAL
: ATLANTIC COUNTY

: ATLANTIC CITY MUNICIPAL COURT
: APPEAL NO.: 0015-10

: ORDER OF JUDGMENT

THIS MATTER having been brought before the Court by Daniel G. Tracy, Esquire, Attorney for Defendant-Appellant, Markland Grant, and Andrew S. Taff, Deputy Attorney General, for Plaintiff-Respondent, the State of New Jersey, and briefs and arguments of the parties having been considered in de novo review on July 21, 2010, and for good cause shown,

IT IS on this 27 day of July, 2010, ORDERED AND ADJUDGED that in regards to Atlantic City Municipal Court Appeal # 0015-10, the trial court's decision is reversed and remanded to the Atlantic City Municipal Court for further action as shall be deemed appropriate by that Court.

HONORABLE MAX A. BAKER, J.S.C.

Order of reversal from Appellate Court.

Exhibit H

25

Honorable, Lorenzo Langford

City of Atlantic City

1301 Bacharach Blvd.

Atlantic City, New Jersey 08401

609-347-5400

Fax: 609-347-5638

September 23, 2010

Markland Grant

1920 Union Street

Apt. 4D

Brooklyn, NY.  11233

646-878-5345

Re: Notice of custom of the City of Atlantic City by way of its Municipal Prosecutors Office.

Dear Mayor Langford,

By way of this letter I Markland Grant do herby give notice that the City of Atlantic City exacts a custom whereby the City of Atlantic City conspires with the various casinos within Atlantic City to deny the patrons of the same casinos their constitutional rights.

The Constitution of the United States of America grants all those within the territory of the same equal access to the courts of the individual territories of the United States, as well as equal protection of the laws of the individual States and the laws of the United States of America.

The City of Atlantic City by way of the Atlantic City Municipal Court has adopted a custom whereby the Municipal Courts hold eviction trials for the casinos located within Atlantic City.  I have been victimized by said practice and have endured several court proceedings as well as having my liberty deprived on false convictions of contempt of court.  Said convictions were nothing more than the

26

courts way of protecting itself from the misconduct of the unethical presiding judges within your court. I have successfully appealed these rulings and the court has reversed the Municipal Court rulings and now on September 27, 2010 at 4:30PM, Complaint SC 2009 010986, your Municipal Prosecutors Office will attempt to continue said custom by prosecuting a meritless case.  I have attached a copy of the brief submitted to the Appellate Court citing the Municipal Courts lack of jurisdiction in these matters.  Please review and accept this correspondence as notice to the City of Atlantic City as to its ratification of the action of the Municipal Court of Atlantic City and the Municipal Prosecutors Office of the City of Atlantic City.

Respectfully Submitted,

/S/ Markland Grant

Markland Grant

**Exhibit I**

2715 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401

STATE OF NEW JERSEY

vs

*Ashland Stuart*         **TRANSCRIPT OF DOCKET**

Docket #: SP 2008-010129

19th Union Ave. Apt 4D Brooklyn NY 11253

2010-56 Ashland Stuart

Offense: August 31 2008

Process: August 31 2008

Notes Served: August 31 2008

Officer: Citizen

A.C. P.D

Not guilty

October 12 2010

Honorable Robert Switzer

Not Guilty

D.L. Suspension

Fine      Other    N/A

Costs N/A

VCCP N/A

Status: N/A

Produced at Trial (List)

I hereby certify that the above is a true copy of the docket.

SP-178
**New Jersey State Police Operations Report**
09-12-2008

Page 1 of 2
H430-2008-00833R

### General Information

Station Case Number: H430-2008-00833R
Date of Incident: 08/31/2008
Time of Incident: 02:46
Day of Week: Sunday
Date Reported: 08/31/2008
Time Reported: 02:46
Incident: Trespassing Complaints

Station/Unit: H430 / CASINO INVESTIGATIONS U
County/Municipality: Atlantic / Atlantic City
Street Location: 2100 Pacific Ave

### Vehicle Information

N/A

### Persons Involved

Other Name (First, Middle, Last): Markland Grant
DL Number:
State:
S.S.N.: 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

Area Code & Phone:

Address (Number-Street-Municipality-State & Zip Code)  1482 St. Johns Pl  Apt # 3D Brooklyn, New York

| D.O.B | Age | Sex | Race |
| 21-NOV-75 | 32 | Male | 2B |

### Businesses Involved

Business Name:   Caesars Hotel And Casino
Owner's Name (First, Middle, Last):   Palmer
Owner's Address (Number-Street-Municipality-State & Zip Code)

Phone: (609) 343-2540
2100 Pacific Ave  Atlantic City, New Jersey

### Assisting Troopers

N/A

### Other Supporting Agencies

N/A

### Related Cases

N/A

### Narrative

**August 31, 2008:**

On this date, I was detailed to investigate a defiant trespass complaint at Caesars Hotel and Casino. Upon arrival, I met with Caesars Security Officer Palmer CCC #149463-21 and the above listed actor, Markland Grant. It was learned that security personnel evicted Grant on February 23, 2008 for disorderly conduct. Security Officer Palmer detained the subject, and wished to sign a defiant trespass complaint against Grant.

I showed Markland Grant my State Police ID and verbally identified myself to him. I advised him that Caesars Hotel and Casino wished to sign a complaint against him for defiant trespass. I issued Grant a summons #SC 010739, which was signed by the complainant, Security Officer Palmer. Grant was given a court date of September 12, 2008 at 9:00 am in Atlantic City Municipal Court.

It should be noted that Grant complained of arm pain and asked Atlantic City Ambulance to respond. The Ambulance Squad responded and transported Grant to Atlantic City Hospital for observation.

No further action.....

Exhibit K

29

# Caesars

**ATLANTIC CITY**

## SECURITY DEPARTMENT
## EJECTION/ARREST REPORT

EJECTION ☒
ARREST ☒

On behalf of the Management of Caesars Atlantic City, I hereby advise you that you no longer have permission to be on the premises. If you refuse to leave or re-enter at a later time or date, you may be arrested and charged with trespass. Once you leave, you may not re-enter without written permission from Caesars Management

Patron's Signature

SPO Marcus Palmer #143483-21   Photograph Taken  Yes ☒  No

**Exhibit L**

NEW JERSEY CASINO CONTROL COMMISSION

EXCLUSION LIST
(Alphabetical Order)

| | DKT. NO. | PRE. ORDER | FINAL ORDER | DOB | NAME/AKA |
|---|---|---|---|---|---|
| 70. | 80-0003-EL (80-EL-3) | | 03/20/81 | 03/18/51 | **Fowler, Gary** a/k/a Butch |
| 71. | 89-0083-EL (89-EL-4) | 02/22/89 | 11/03/89 | 08/29/56 | **Frisby, Joseph** |
| 72. | 89-0089-EL (89-EL-10) | 07/03/89 | 11/06/89 | 08/22/40 | **Gambino, Giovanni** a/k/a John Gambino |
| 73. | 83-0032-EL (83-EL-31) | 09/12/84 | 10/30/87 | 01/09/46 | **Gambino, Giuseppe** |
| 74. | 83-0031-EL (83-EL-30) | 09/12/84 | 01/25/85 | 01/12/42 | **Gambino, Rosario** |
| 75. | 95-0584-EL | 12/21/95 | 11/20/96 | 07/14/41 | **Gammarano, John** |
| 76. | 83-0005-EL (83-EL-4) | | 05/12/83 | 04/07/43 | **Gilmartin, Christopher P.** |
| 77. | 85-0005-EL (85-EL-4) | 06/24/87 | 09/14/88 | 01/23/38 | **Granata, Anthony** |
| 78. | 91-2054-EL | | 03/16/94 | 08/12/43 | **Graubart, Daniel Joseph** |
| 79. | 91-1376-EL | 08/01/91 | 03/01/93 | 03/12/45 | **Gravano, Salvatore** |
| 80. | 83-0033-EL (83-EL-32) | 05/31/84 | 08/09/84 | 12/27/42 | **Grecco, Alan D.** a/k/a Alan O. Walshonak |
| 81. | 03-0421-EL | 07/02/03 | 09/24/03 | 01/17/56 | **Greene, Calvin** Daniel Jackson, John Marshall |
| 82. | 92-0754-EL | 07/27/92 | 09/02/92 | 12/19/31 | **Gregorio, Anthony N.** a/k/a Spike DeGregorio |
| 83. | 80-0013-EL (80-EL-13) | | 07/29/80 | 07/09/49 | **Hammer, Leon Louis** |
| 84. | 95-0239-EL | 06/21/95 | 12/02/98 | 07/03/56 | **Harris, Ronald D.** |
| 85. | 83-0037-EL (83-EL-36) | | 09/28/84 | 07/24/59 | **Harris, Scott Nathaniel** |
| 86. | 81-0013-EL (81-EL-13) | | 12/18/81 | 05/11/30 | **Hemerle, Jacques** |
| 87. | 79-0002-EL (79-EL-2) | | 04/17/79 | 07/11/44 | **Hilliard, Thomas** |
| 88. | 06-0215-EL | 05/17/06 | 11/08/06 | 12/31/72 | **Ho, Don Van** |
| 89. | 90-0012-EL (90-EL-8) | 06/11/90 | 11/15/90 | 09/30/60 | **Howard, Charles** a/k/a Charles Langston; John Howard ; Charles Schaeffer |
| 90. | 81-0012-EL (81-EL-12) | | 12/18/81 | 01/21/24 | **Hulley, John** |
| 91. | 79-0018-EL (79-EL-18) | | 01/24/80 | 03/31/47 | **Jancik, Jr., Francis James** |
| 92. | 81-0019-EL (81-EL-19) | | 12/18/81 | 05/21/55 | **Jones, Samuel L.** |

03/06/09                                    Page  4                                    CCC/LAU/cat

# Exhibit M (1)

## Exclusion List

| | | | |
|---|---|---|---|
| Alessandria | Vittorio | 07/18/2001 | 04/15/1955 |
| Alverson | Wayne A. | 08/30/1979 | 11/06/1953 |
| Anastasio | Anthony | 12/20/1984 | 12/21/1928 |
| Angelina | Martin A. | 10/06/1999 | 06/14/1962 |
| Anthony | Fred M. | 12/07/1989 | 06/02/1938 |
| Applegate | Theodore | 12/18/1981 | 04/03/1920 |
| Ardito | John G. | 10/16/2002 | 10/30/1919 |
| Autrey | Marcellus | 09/02/1992 | 10/24/1967 |
| Avellino | Carmine | 03/31/1989 | 07/15/1944 |
| Avellino, Jr. | Salvatore | 06/01/1988 | 11/19/1935 |
| Bailey | Ricky | 08/17/1987 | 12/06/1962 |
| Baldino | Frank | 07/15/2010 | 10/30/1986 |
| Balsamo | Michael | 11/21/1984 | 06/29/1959 |
| Barbato | John | 11/10/1988 | 05/15/1934 |
| Basciano | Vincent J. | 07/18/2001 | 11/14/1959 |
| Battisti | Frank David | 08/30/1979 | 02/02/1960 |
| Bini, Jr. | Carlo J. | 08/30/1979 | 01/27/1954 |
| Bisaccia | Robert | 06/21/1990 | 04/17/1935 |
| Bongiovanni | Joseph | 04/05/1984 | 12/31/1946 |
| Bostic | Leonard | 09/02/1992 | 06/14/1965 |
| Brennan | Michael Kevin | 09/10/1984 | 12/14/1946 |
| Breton | Taylor W. | 06/19/2002 | 04/27/1952 |
| Brooks | Frederick | 05/22/2003 | 03/14/1968 |
| Brown | Collis L. | 06/17/2009 | 08/08/1960 |
| Bui | Bao A. | 10/17/2007 | 06/30/1978 |
| Bulgarino | Eugene A. | 05/17/2006 | 06/04/1933 |
| Bumpass | Raymond | 05/22/2003 | 12/31/1950 |

Last Update: March 11, 2011

## Exhibit M (2)

| Cosoleto | Peter | 02/13/2003 | 02/23/1947 |
|---|---|---|---|
| Criner | Jerry D. | 12/18/1981 | 12/09/1948 |
| Cushing | William Klaar | 09/10/1984 | 04/25/1952 |
| Cutaia | Domenico | 03/15/2006 | 11/22/1936 |
| D'Ascenzo | Harry A. | 12/17/2003 | 09/07/1925 |
| D'Elia | William | 02/26/2003 | 06/24/1946 |
| DeBruin | Martin A. | 04/25/1989 | 03/11/1952 |
| DeFillipo | Fred Raymond | 09/10/1984 | 07/20/1945 |
| DeRoss | John J. | 05/22/2003 | 07/17/1937 |
| DeSimone | Frank | 09/06/2000 | 04/23/1932 |
| DeVita | Silvio P. | 04/10/2002 | 11/05/1931 |
| Dinh | Coung C. | 10/17/2007 | 03/01/1960 |
| DiSalvo | John | 03/16/1987 | 09/05/1928 |
| Duong | Kieu Thanh | 07/21/2004 | 03/03/1974 |
| Durham | Ross Warner | 09/10/1984 | 10/09/1956 |
| Eufrasio | Mario | 03/15/1990 | 05/15/1928 |
| Flores | Jose | 05/17/2006 | 03/13/1970 |
| Fowler | Gary | 03/20/1981 | 03/18/1951 |
| Frisby | Joseph | 11/03/1989 | 08/29/1956 |
| Gaggi | Joseph A. | 09/08/2010 | 09/30/1962 |
| Gambino | Giovanni | 11/06/1989 | 08/22/1940 |
| Gambino | Giuseppe | 10/30/1987 | 01/09/1946 |
| Gambino | Rosario | 01/25/1985 | 01/12/1942 |
| Gammarano | John | 11/20/1996 | 07/14/1941 |
| Gilmartin | Christopher P. | 05/12/1983 | 04/07/1943 |
| Granata | Anthony | 09/14/1988 | 01/23/1938 |
| Graubart | Daniel Joseph | 03/16/1994 | 08/12/1943 |
| Gravano | Salvatore | 03/01/1993 | 03/12/1945 |
| Grecco | Alan D. | 08/09/1984 | 12/27/1942 |

Last Update: March 11, 2011

# Exhibit M (3)

U.S. District Court
District of New Jersey [LIVE] (Camden)
CIVIL DOCKET FOR CASE #: 1:10-cv-05653-RBK -JS

GRANT v. CEASARS HOTEL AND CASINO
ATLANTIC CITY et al
Assigned to: Judge Robert B. Kugler
Referred to: Magistrate Judge Joel Schneider
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 10/29/2010
Jury Demand: Both
Nature of Suit: 440 Civil Rights:
Other
Jurisdiction: Federal Question

**Plaintiff**

**MARKLAND K. GRANT**                    represented by   **MARKLAND K. GRANT**
                                                          1920 UNION STREET
                                                          APT. 4D
                                                          BROOKLYN, NY 11233
                                                          646-878-5345
                                                          PRO SE

V.

**Defendant**

**CEASARS HOTEL AND CASINO**            represented by   **RUSSELL L. LICHTENSTEIN**
**ATLANTIC CITY**                                        COOPER, LEVENSON, APRIL,
*also known as*                                          NIEDELMAN & WAGENHEIM, PA
BOARDWALK REGENCY                                        1125 ATLANTIC AVENUE
                                                         THIRD FLOOR
                                                         ATLANTIC CITY, NJ 08401-4891
                                                         (609) 344-3161
                                                         Email:
                                                         rlichtenstein@cooperlevenson.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **VICTOR P. WASILAUSKAS**
                                                         COOPER LEVENSON APRIL
                                                         NIEDELMAN & WAGENHEIM PA
                                                         1125 ATLANTIC AVENUE
                                                         ATLANTIC CITY, NJ 08401
                                                         609-344-3161
                                                         Email:
                                                         vwasilauskas@cooperlevenson.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Exhibit N(1)**

34

**Defendant**

**SECURITY OFFICER, ROBERT
JONES**

**Defendant**

**SECURITY OFFICER, MARCUS
PALMER**
                represented by **VICTOR P. WASILAUSKAS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SECURITY SHIFT MANAGER,
BILL HARRIS**
                represented by **VICTOR P. WASILAUSKAS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SECURITY SUPERVISOR,
DAWN EIRMAN**

**Defendant**

**DET. I, T.M. CLEMENS, BADGE
#5572**
                represented by **VINCENT J. RIZZO , JR.**
OFFICE OF THE NJ ATTORNEY
GENERAL
RJ HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112
(609) 943-5265
Email:
vincent.rizzo@law.dol.lps.state.nj.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Exhibit N (2)**

# PROOF OF SERVICE

I Markland K. Grant, at the risk of perjury do hereby certify that on **March 25, 2011**,

That service was made upon the attorneys listed below, by depositing a true copy of same enclosed in a properly addressed wrapper and delivered to each by way of e-mail on March 25, 2011.

TO:

**RUSSELL L. LICHTENSTEIN**
COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA
1125 ATLANTIC AVENUE
THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891
(609) 344-3161
Email: rlichtenstein@cooperlevenson.com

**VINCENT J. RIZZO, JR.**
OFFICE OF THE NJ ATTORNEY GENERAL
RJ HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112
(609) 943-5265
Email: vincent.rizzo@law.dol.lps.state.nj.us

Dated: March 7, 2011                    /S/Markland K. Grant

                                        1920 Union Street Apt. 4D

                                        Brooklyn, NY 11233

                                        (646) 878-5345

                                        Plaintiff, Pro-Se