NOT FOR PUBLICATION                                            (Doc. Nos. 52, 53)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| MARKLAND K. GRANT, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-5653 (RBK/JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CAESARS HOTEL AND CASINO ATLANTIC CITY, et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

 This matter comes before the Court on the Motion of Caesars Hotel & Casino Atlantic City, a/k/a Boardwalk Regency ("Caesars" or "Defendant Caesars"), Caesars employees Robert Jones ("Defendant Jones"), Marcus Palmer ("Defendant Palmer"), Dawn Eirman ("Defendant Eirman"), and Bill Harris ("Defendant Harris") for Summary Judgment on the Amended Complaint of Markland K. Grant ("Plaintiff").  Terrance Clemens ("Defendant Clemens"), a New Jersey State Trooper assigned to the Division of Gaming Enforcement, has also filed a Motion for Summary Judgment, which the Court also considers herein.  Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as common law tort claims.  Defendants move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, asserting that Plaintiff fails to demonstrate a genuine issue of material fact as to these claims.  Defendants' Motions for Summary Judgment are unopposed.

**I.      BACKGROUND**

The present lawsuit comes before this Court as a result of the alleged actions of Defendant Clemens, Defendant Jones, Defendant Palmer, Defendant Eirman, and Defendant Harris following Plaintiff's ejection from Caesars Casino.  Am. Compl., ¶¶ 1-7.

On October 29, 2010, Plaintiff filed his initial Complaint. He subsequently submitted an Amended Complaint on March 28, 2011, which contains three counts, alleging 42 U.S.C. § 1983 violations and common law tort claims.  Count One claims that Plaintiff's United States constitutional "right to be free from search and seizure, right to liberty, choice of location, and equal protection of the laws as provided by the Fourth and Fourteenth Amendments" were violated.  Am. Compl., ¶ 34.  Count One also includes claims of false arrest, false imprisonment, and conspiracy to commit false arrest and false imprisonment.  Am. Compl., ¶¶ 35-42.  Count Two asserts § 1983 claims that Plaintiff was unlawfully evicted and falsely charged with trespass at Caesars.  Am. Compl., ¶¶ 43-52.  In addition, Plaintiff claims he was subject to malicious prosecution and conspiracy to commit malicious prosecution.  Am. Compl., ¶¶ 43-52.  Count Three asserts a claim for abuse of process.  Am. Compl., ¶¶ 53-59.

The facts of the present lawsuit are connected with an incident that occurred on February 23, 2008.  On that date, Plaintiff was formally ejected from Caesars because of "disorderly" conduct—namely, "punching out a voucher on [a] slot machine," a violation of Caesars's stated policy.  Caesars Security Dept. Ejection/Arrest Report, Cert. of Def. Caesars Ex. D at p. 1.  At the time he was ejected, Plaintiff was advised by Defendant Harris, the security shift manager at Caesars, that Plaintiff was not permitted to remain on the premises and would not be permitted to return without written permission from Caesars's management.  Id.  The Ejection/Arrest Report states, in bold font:  "On behalf of the Management of Caesars Atlantic City, I hereby advise you

that you no longer have permission to remain on the premises.  If you refuse to leave or re-enter at a later time or date, you may be arrested and charged with defiant trespass.  Once you leave, you may not re-enter without written permission from Caesars Management." Id.  Plaintiff was aware and knowledgeable of the repercussions should he re-enter Caesars's property.  Dep. of Grant, Cert. of Def. Caesars Ex. E at pp. 48-49.

   The incident that gave rise to the instant case occurred on August 31, 2008, when Plaintiff returned to Caesars to gamble.  Dep. of Grant, Cert. of Def. Caesars Ex. E at p. 70.  After arriving at Caesars, Plaintiff entered the public restroom, and, upon exiting the restroom, he was approached by Caesars security and told that he was being charged for defiant trespass because of the stipulations of his prior ejection on February 23, 2008.  Dep. of Grant, Cert. of Def. Caesar Ex. E at pp. 71-77.  The security staff involved in the incident included Defendant Jones, Defendant Eirman, Defendant Harris, and Defendant Palmer.  Dep. of Grant, Cert. of Def. Caesars Ex. E at pp. 77-80.  During the course of his interaction with the security staff, Plaintiff claims that he was "pushed to the floor, [with] people squeezing [hand]cuffs on my back, putting a knee in my back and kicking me in the head and it just get out of control for the moment" [sic].  Dep. of Grant, Cert. of Def. Caesars Ex. E at p. 79.  Plaintiff noted that Defendant Palmer was not present for the entirety of the incident.  Dep. of Grant, Cert. of Def. Caesars Ex. E at p. 80.

   As a result of his re-entry into Caesars, Plaintiff was charged with defiant trespass and disorderly conduct and was arrested.  Security Dept. Ejection/Arrest Report, Cert. of Def. Caesars Ex. F.  Defendant Harris states that Plaintiff was identified by Defendant Palmer as a "prior ejection" who refused to leave.  Security Dept. Ejection/Arrest Report, Cert. of Def. Caesars Ex. F.  Defendant Eirman reports that when she arrived at the scene, Plaintiff was "being irate, yelling, carrying on and continued to walk away from Security . . . [and] Grant became

3

verbally abusive towards [Eirman] and a few of the officers."  Eirman Statement, Cert. of Def. Caesars Ex. F.

Plaintiff alleges that Defendants proceeded "above and beyond the mere restraint of [his] locomotion" and that he was "assaulted, cocked, thrown to the floor, kneed to the spine, kicked in the head and handcuffed."  Am. Compl., ¶ 39.  Despite Plaintiff's "crying for [his] arm," on which he claims to have received surgery in the past, Plaintiff recounts that Defendant Harris "just laughed."  Id.  Plaintiff claims that this incident caused him to require medical attention, which he received post-arrest.  Dep. of Grant, Cert. of Def. Caesars Ex. E at p. 120.  Defendant Harris documented that Plaintiff was handcuffed and charged with disorderly conduct.  Security Dept. Ejection/Arrest Report, Cert. of Def. Caesars Ex. F.

Soon thereafter, Defendant Clemens, a New Jersey State Trooper assigned to the Division of Gaming Enforcement in Atlantic City, New Jersey, was called to the scene.  Id.  Defendant Clemens signed a defiant trespass complaint against Plaintiff and provided him with a summons signed by Defendant Palmer.  Clemens's New Jersey State Policy Operations Report, Cert. of Def.'s Ex. G.  Plaintiff argues that Defendant Clemens did not cite in his Police Operations Report that he "consulted the exclusion list of the Casino Control Commission" and instead "followed the request of Caesars agents and issued the summons based upon their word alone."  Am. Compl., ¶ 47.

## II.   PROCEDURAL HISTORY

On September 12, 2008, Plaintiff pled "not guilty" at his arraignment hearing before the Atlantic City Municipal Court regarding the August 31, 2008 charge of defiant trespass.  Am. Compl., ¶ 27.  On January 26, 2010, Plaintiff was convicted of defiant trespass by the Atlantic City Municipal Court and sentenced to ninety days in jail.  Am. Compl., ¶ 28.  Plaintiff appealed

4

his conviction, and on July 27, 2010, his conviction was reversed and remanded by the Superior Court of New Jersey. Am. Compl., ¶ 30. On October 18, 2010, at his retrial, Plaintiff was found not guilty. Am. Compl., ¶ 32.

The instant Complaint was filed on October 29, 2010, and amended on March 28, 2011. On August 3, 2011, the Court granted Defendant Caesars's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 40. Defendant Caesars moved to Dismiss Plaintiff's claims against it for personal injury, false arrest, false imprisonment, and conspiracy, which arose out of his arrest on August 31, 2008. Id. The Court granted Defendant Caesars's Motion to Dismiss, holding that Plaintiff's claims of personal injuries, false imprisonment, and conspiracy to commit such acts were filed after the two-year statute of limitations had expired.

## III. STANDARD[1]

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the parties' evidence, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.

---

[1] Defendants Caesars, Jones, Palmer, Harris, and Eirman allege that because there is no dispute of material fact, the motion for summary judgment should be granted. The Court is mindful that it must carefully review the unopposed record to see if Defendants are entitled to judgment as a matter of law, notwithstanding Plaintiff's silence. See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Summary judgment can only be granted "if appropriate." Fed. R. Civ. P. 56(e).

5

1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**IV.   DISCUSSION**

  **A. Defendant Terrance M. Clemens's Motion for Summary Judgment**

    1.   Defiant Trespass

Defendant Clemens first argues that he is entitled to Summary Judgment on Plaintiff's false imprisonment and malicious prosecution claims because he had probable cause to issue Plaintiff's defiant trespass summons. Defiant trespass is defined under N.J. Stat. Ann. § 2C:18-3:

> A person commits a petty disorderly persons offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
>
> (1) Actual communication to the actor; or . . . .

N.J. Stat. Ann. § 2C:18-3 (West 2010).

In evaluating whether an officer had probable cause to make an arrest or issue a summons, the court must determine "whether at that moment the facts and circumstances [within the officer's] knowledge and of which they had reasonably trustworthy information [were] sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. State of Ohio, 379 U.S. 89, 91 (1964).

It appears to be undisputed that Plaintiff was evicted from Caesars on February 23, 2008 for disorderly conduct and informed that if he returned he would be charged with defiant trespass. Dep. of Markland K. Grant, Dec. of Roshan D. Shah, Ex. A. Plaintiff's Complaint alleges that Defendant Clemens did not have probable cause to issue the summons because only the Casino Control Commission maintains the right to exclude licensees for more than 24 hours. Am. Compl. ¶¶ 35-37, 50. This assertion, however, is in conflict with N.J. Stat. Ann. § 5:12-71.1, which specifically states:

> A casino licensee may exclude or eject from its casino hotel any person who is known to it to have been convicted of a crime, disorderly persons offense, or petty disorderly persons offense committed in or on the premises of any casino hotel. Nothing in this section or in any other law of this State shall limit the right of a casino licensee to exercise its common law right to exclude or eject permanently from its casino hotel any person who disrupts the operations of its premises, threatens the security of its premises or its occupants, or is disorderly or intoxicated.

7

N.J. Stat. Ann. § 5:12-71.1 (West 1995).

It appears to the Court that based on the information provided to Defendant Clemens by Caesars Security Officer Marcus Palmer (Defendant Palmer), including the Security Department Ejection/Arrest Report from February 23, 2008 (Dec. of Terrance M. Clemens, Ex. A), there is no genuine dispute as to the fact that Defendant Clemens had reasonably trustworthy information and probable cause to issue Plaintiff the defiant trespass summons. Therefore, Defendant Clemens's Motion for Summary Judgment as to Plaintiff's claims of false imprisonment and malicious prosecution under state law as to the defiant trespass summons is granted.

### 2. Notice of Tort Claim

Defendant Clemens argues that he is entitled to summary judgment on Plaintiff's state law claims because Plaintiff failed to file a Notice of Tort Claim pursuant to N.J.S.A. 59:8-8. When filing a tort claim against a public entity, the New Jersey Tort Claims Act ("NJTCA") requires a claimant to file a Notice of Tort Claim within 90 days of accrual of the claim.[2] Additionally, a claimant is forever barred from recovery if two years have elapsed since the accrual of the claim. N.J.S.A. § 59:8-8 (West 1994).

Nothing in the record indicates that Plaintiff ever filed a Notice of Tort Claim. Further, the Court finds that the two-year statutory period has expired. See Section IV.A.3, infra. Therefore, Defendant's Motion for Summary Judgment as to Plaintiff's state law claims is granted.

### 3. False Imprisonment

Likewise, Defendant Clemens is also entitled to summary judgment on Plaintiff's false imprisonment claim under § 1983 and state common law because the claims are barred by the

---

[2] Except as provided in N.J.S.A. § 59:8-9 (West 1994), which exceptions are not applicable here.

8

statute of limitations. Although § 1983 provides a federal cause of action, courts look to state law to determine the relevant statute of limitations. Owens v. Okure, 488 U.S. 235, 249-250 (1989). In New Jersey, the statute of limitations for personal injury claims is two years. § N.J.S.A. 2A:14-2.

Plaintiff was issued the summons, arrested, and released on August 31, 2008. Therefore, as held by this Court when it granted Caesars's Motion to Dismiss on this ground, the two-year statute of limitations expired on August 31, 2010. Doc. No. 40. Because Plaintiff filed his Complaint on October 29, 2010, Court finds that the § 1983 is untimely; therefore Defendant Clemens's Motion for Summary Judgment based on the expiration of the statute of limitations is granted.

    4. Malicious Prosecution

Defendant Clemens alternatively argues that he is entitled to summary judgment on Plaintiff's malicious prosecution claim under § 1983 because Plaintiff cannot show that Defendant Clemens acted with malice. To demonstrate malicious prosecution, a claimant must prove: "(1) the defendant has initiated a criminal proceeding; (2) the proceeding ends in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendant acts maliciously or for a purpose other than bringing the defendant to justice." Lee v. Mihalich, 847 F.2d 66, 60-70 (3d Cir. 1988).

In addition to arguing that Defendant Clemens acted with probable cause (Section IV.A.1, supra), Defendant Clemens further argues that Plaintiff cannot prove that he acted with malice. Within the context of malicious prosecution, malice is defined as "either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." Morales v. Busbee, 972 F. Supp. 254, 261 (D.N.J. 1997). As

Defendant Clemens contends, "nothing in the record indicates Clemens acted with ill will or lacked belief in the legality of his actions." Def. Clemens Br. at p. 16. Plaintiff points to nothing in the record—nor does the Court find anything in the record—that would contradict this argument. Therefore, Plaintiff's claim fails as a matter of law.

### 5. Abuse of Process

Defendant argues that he is entitled to summary judgment on Plaintiff's abuse of process claim because Defendant performed "no further acts" after issuing the summons. Def. Clemens Br. at p. 17. Abuse of process is defined as "the improper, unwarranted, and perverted use of process after it has been issued." Ash v. Cohn, 119 N.J.L. 54, 58 (1937). To assert an abuse of process claim, after the issuance of the process, the defendant must "perform further acts after the issuance of process which represent the perversion or abuse of the legitimate purposes of that process." Penwag Prop. Co., Inc. v. Landau, 372 A.2d 1162, 1165 (N.J. App. Div. 1977).

Defendant argues that Plaintiff has not shown that Defendant engaged in "further acts" after issuing the summons, nor does the record reflect any "further acts." Accordingly, Plaintiff's claim fails as a matter of law, and Defendant's Motion for Summary Judgment on the abuse of process claim is granted.

### 6. Civil Conspiracy

Finally, Defendant Clemens alleges that he is entitled to summary judgment on Plaintiff's civil conspiracy claims under § 1985(3) and state law based on the absence of a predicate claim, and, in the alternative, Plaintiff cannot show proof of an agreement between Defendant Clemens and Caesars's security staff. Defendant asserts that because he is entitled to summary judgment on the predicate § 1985(3) and state law claims, he is entitled to summary judgment on the conspiracy claim. See Morgan v. Union County Bd. of Chosen Freeholders, 633 A.2d 985, 990

(Super Ct. App. Div. 1993) (noting that, in conspiracy, the "gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action.") (internal quotations omitted).

Defendant further argues that Plaintiff cannot prove the existence of any agreement to violate Plaintiff's rights. Dec. of Terrance M. Clemens at p. 18. The Third Circuit has held that in New Jersey the tort of civil conspiracy contains four elements: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003). Defendant contends that Plaintiff has failed to show "evidence of an overt or covert agreement between Clemens and Caesars's security staff . . . [thus Plaintiff's] conspiracy claims are premised solely on conjecture and speculation," and are therefore entitled to summary judgment. Dec. of Terrance M. Clemens at p. 19. Due to the absence of any evidence establishing either that Defendant Clemens conspired against Plaintiff, or that Defendant committed any acts predicate to the alleged conspiracy, Defendant's Motion for Summary Judgment as to Plaintiff's conspiracy claim is granted.

### B. Motion for Summary Judgment on behalf of Defendants Caesars, Jones, Palmer, Harris, and Eirman

1. Prior Dismissal

Defendants Jones, Palmer, Harris, and Eirman contend that they are entitled to summary judgment as to Plaintiff's claims of personal injury, false, arrest, false imprisonment and conspiracy based upon the Court's August 3, 2011 Order granting Defendant Caesars's prior Motion to Dismiss. Doc. No. 40. Defendants argue that because each of those claims was dismissed because Plaintiff failed to file his Complaint within the two-year statute of limitations,

these subsequent claims are likewise outside the filing period, and Defendants are therefore entitled to summary judgment.  The court finds that because more than two years have elapsed since August 31, 2008, the date of accrual of the alleged actions of these Defendants, Defendants' Motion for Summary Judgment as to Plaintiff's claims of personal injury, false, arrest, false imprisonment and conspiracy is granted.

     2. 42 U.S.C. § 1983 Claims

Defendants Caesars, Jones, Palmer, Harris, and Eirman next argue that they are entitled to summary judgment as to all of Plaintiff's claims made pursuant to 42 U.S.C. § 1983.  In order to assert a § 1983 claim, a plaintiff must prove that "(1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States." City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985).  These Defendants contend that Plaintiff is unable to establish that any of them, as a company and private employees, were "acting under color of state law." Def. Caesars Br. at p. 7.  Therefore, Defendants argue that Plaintiff's § 1983 claims must fail as a matter of law.  The Court finds that because none of these Defendants was acting "under color of state law," their Motion for Summary Judgment as to Plaintiff's § 1983 claims is granted.

     3. Malicious Prosecution

Defendants Caesars, Jones, Palmer, Harris, and Eirman further contend that they are entitled to summary judgment on Plaintiff's malicious prosecution claim.  As discussed in Section IV.A.5, supra, to demonstrate malicious prosecution, a claimant must prove: "(1) the defendant has initiated a criminal proceeding; (2) the proceeding ends in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendant acts maliciously or for a

12

purpose other than bringing the defendant to justice." Lee v. Mihalich, 847 F.2d 66, 60-70 (3d Cir. 1988).

Defendants Jones, Harris, and Eirman argue that although they were involved with the August 31, 2008 incident, they did not initate the underlying criminal matter against Plaintiff, and, therefore, do not satisfy the first element of a malicious prosecution claim. Def. Caesars Br. at p. 9. Defendants further argue that, for the other moving Defendants, Caesars and Palmer, the remaining elements of a malicious prosecution claim are not satisfied. As to the third element, Defendants Caesars and Palmer contend that they acted with probable cause because of the February 23, 2008 ejection letter. As to the fourth element, Defendants Caesars and Palmer argue that Plaintiff has not provided any evidence that either Defendant acted with malice toward him. Since Plaintiff failed to establish the required elements of malicious prosecution, the Court grants Defendants' Motion for Summary Judgment on this claim.

    4. Abuse of Process

Defendants Caesars, Jones, Palmer, Harris, and Eirman next assert that they are entitled to summary judgment on the abuse of process claim based on the expiration of the two-year statute of limitations pursuant to N.J.S.A. § 2A:14-2 and because there was no showing of an improper issuance of summons. As discussed in Section IV.A.6, supra, abuse of process is defined as "the improper, unwarranted, and perverted use of process after it has been issued." Ash v. Cohn, 119 N.J.L. 54, 58 (1937). To assert an abuse of process claim, after the issuance of the process, the defendant must "perform further acts after the issuance of process which represent the perversion or abuse of the legitimate purposes of that process." Penwag Prop. Co., Inc. v. Landau, 372 A.2d 1162, 1165 (N.J. App. Div. 1977). Defendants argue that Plaintiff is unable to show that the "defendants were not permitted to file the municipal charges against him

or that there was ulterior or improper motive in the filing of those charges." Def. Caesars Br. at p. 12.  Rather, Defendants assert that because there was probable cause in issuing the summons, Plaintiff's claim should be dismissed.  Because Plaintiff has failed to establish the necessary elements of abuse of process, the Court grants Defendants' Motion for Summary Judgment on this claim.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 are **GRANTED**. An accompanying Order shall issue today.


Date:  8/7/2012                                             /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge